THE STATE OF OHIO *v.* HULL.

(No. CRB80-02598—Decided February 11, 1981.)

Toledo Municipal Court.

*Mr. Samuel J. Nugent,* assistant prosecutor, for plaintiff.
*Mr. Jon D. Richardson,* for defendant.

ABOOD, J.   On December 2, 1980, this case was called for trial. Both the prosecution and defense agreed to submit the case for decision on the merits upon evidence presented previously at a hearing on defendant's motion to dismiss. The parties stipulated further as to all matters of identification and jurisdiction.

The defendant herein is charged with being a registered pharmacist who owns, manages or conducts a pharmacy but fails to:

(1) be personally in full and actual charge of such pharmacy; or

(2) have a registered pharmacist in his employ in full and actual charge of such pharmacy, in violation of R. C. 4729.27.

The relevant facts are that on the evening of February 26, 1980, the defendant filled a Valium prescription pursuant to a telephone order from a state pharmacy board investigator. The defendant, a registered pharmacist and an owner of M & M Pharmacy, was not present when the store opened for business at 7:00 a.m. on February 27, 1980. At 7:05 a.m., officer Cashin of the Toledo Metro Drug Unit entered the drugstore and found one Deborah Tomanski, who is not a registered pharmacist, standing in front of the drug counter. When officer Cashin asked for the pharmacist, she stated that he was not there. The officer then stated that he was there to pick up a prescription, to which Tomanski responded that she didn't know what time the pharmacist would be in. When the officer stated that he needed the drugs for his wife and that he had to be at work in the next ten to fifteen minutes, Tomanski went behind the pharmacy counter and produced the Valium prescription which she then sold to officer Cashin. Tomanski was then placed under arrest. After receiving a telephone call from the parents of Deborah Tomanski, the defendant arrived at the store at 7:55 a.m., and was also placed under arrest for the present charge.

The prosecution bases its assertion that the defendant is guilty, upon the facts that:

(1) Tomanski sold the drugs to officer Cashin and therefore the pharmacy portion of the store was open; and

(2) the defendant was an owner of the store and not present in the store at the time the drugs were sold and therefore was not in full and actual charge of the pharmacy.

In support of its position, the prosecution offers Ohio Adm. Code 4729-9-11 of the State Board of Pharmacy which specifies the conditions under which a drugstore may remain open while its prescription department is closed. While the prosecution may have made a solid case against the defendant for violating these administrative rules, this does not, by law or necessity, mean that the defendant violated R. C. 4729.27.

Both parties agree that under certain circumstances it can be permissible for a pharmacy or drugstore to remain open for

business without a registered pharmacist being present, as long as the pharmaceutical department of the store is closed.

A primary issue, therefore, is whether the pharmaceutical department of the store was in fact open at the time of the offense. This court does not see that question as being as easily resolved as the prosecution proposes.

From the evidence submitted, it can only be concluded that it was the defendant's intention that the pharmacy department of the store was to remain closed prior to his arrival in the morning. It is also obvious from the evidence that when the defendant's employee, Deborah Tomanski, yielded to the insistence of the officer and sold the prescription, she did so contrary to the intent of the defendant. While the administrative rules (Ohio Adm. Code 4729-9-11) speak directly to this situation, the criminal statute (R. C. 4729.27) does not. Unlike the administrative rules advanced by the prosecution, R. C. 4729.27 provides no specific basis for determining what act or omission by a defendant constitutes a failure to "be personally in full and actual charge of such pharmacy."

In order for this defendant to be found guilty, this court must be able to find that the actions of Deborah Tomanski, in selling the prescription contrary to the intent and direction of the defendant, constitute a failure of the defendant to be in full and actual charge of the pharmacy.

Since compliance with its administrative rules is enforced by the State Board of Pharmacy with appropriate sanctions available to it for that purpose, it would certainly be improper for this court to now impose criminal sanctions for a violation of those same rules. It is therefore necessary that any criminal liability on the part of the defendant be established solely within the limits of the criminal statute (R. C. 4729.27).

Since R. C. 4729.27 is totally vague as to what constitutes "full and actual charge" of a pharmacy, this court is unable to state beyond a reasonable doubt that the defendant's actions or inactions in this case constitute an offense under this section.

It is therefore ordered that the defendant is found not guilty and is hereby discharged.

*Defendant not guilty.*